UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12593- RGS

WILLIAM J. EDWARDS

v.

THE ORIGINAL FOOTWEAR COMPANY

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

February 17, 2005

STEARNS, D.J.

While much is said about the merits of the suit – according to the defendant Original Footwear Company (Original), the plaintiff William Edwards had nothing to do with the disputed sale – by Edward's account, he was the moving force – these have nothing to do with the issue of personal jurisdiction. Personal jurisdiction exists when some basis for jurisdiction enumerated in the Massachusetts Long-Arm Statute has been established, and it can be shown that "the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution." Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979).[1] The Fourteenth Amendment's concern for fundamental fairness is expressed by the requirement that there be certain "minimum contacts" between the defendant and the forum state to establish specific jurisdiction. The test is in three parts. "First, the claim underlying the litigation

---

[1] The Supreme Judicial Court construes the section 3(a) "transacting business" test as extending jurisdiction to the outermost limit permitted by the Due Process Clause. See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, 295 F.3d 59, 63 (1st Cir. 2002).

must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).

Under the Massachusetts Long-Arm Statute, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth . . . ." G.L. c. 223A, § 3(a). Section 3(a) is broadly construed; it "does not require purely commercial activity but is used to embrace any purposeful acts performed in Massachusetts, whether personal, private, or commercial." Johnson v. Witkowski, 30 Mass. App. Ct. 697, 713 (1991). Under § 3(a), "[t]he facts must satisfy two requirements – the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). See Good Hope Indus., 378 Mass. at 10-11 n.17 (purposeful and successful solicitation of business by a defendant or its agent); Carlson Corp. v. University of Vermont, 380 Mass. 102, 104-105 (1980) (contract signed in Massachusetts for work to be performed elsewhere). Cf. Automatic Sprinkler Corp. of Amer. v. Seneca Foods Corp., 361 Mass. 441, 445-446 (1972) (contract must call for "significant" performance in Massachusetts).

In determining whether a defendant has "purposefully availed" itself of the privilege

of conducting activity in the forum state, a court is to focus on the nature of the contact with the forum and avoid playing a "numbers game" – a single, meaningful contact with the forum, even by means of a virtual presence, "can fill the bill." Pritzker v. Yari, 42 F.3d 53, 61 (1st Cir. 1994) (citing McGee v. International Life Ins. Co., 355 U.S. 220 (1957), for the proposition that a contractual relationship may be sufficient to confer jurisdiction even where the defendant does not physically enter the forum). See also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 62 (1st Cir. 2002) (telephone, e-mail, and fax communications directed to the forum state in contemplation of contractual services being in part performed in that forum are evidence of jurisdictional contact).

Here it is undisputed that: (1) Original contracted with Edwards in Massachusetts, designating Edwards as its New England Sales Representative; (2) that Edwards has functioned in that capacity from the time the agreement was signed in 2001; (3) that Edwards has been responsible since for the sale of some $225,000 of Original's police-oriented footwear in Massachusetts; (4) that in 2001, Edwards and a Vice President of Original spent a week traveling together in Massachusetts to introduce the company and its product line to Edward's police supply contacts; and (5) that the dispute involves Edwards' claim that he is owed a commission under the Sales Representative contract. Moreover, Edwards, in an uncontradicted affidavit, attests to virtually daily contact with Original's home office in California by telephone and fax and the receipt of a stream of return communications.[2] Under any stretch, on these facts, the basic jurisdictional test is

---

[2] If challenged, the burden is on the plaintiff to show a prima facie case authorizing personal jurisdiction. U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990). "If the plaintiff makes a prima facie showing of jurisdiction supported by specific facts alleged in the pleadings, affidavits, and exhibits, its burden is met." Ealing Corp. v.

satisfied.

The minimum contacts requirement having been met, the court is next directed to consider the so-called Gestalt factors. These are factors testing comportment with traditional notions of fair play and substantial justice. The factors include "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." United Elec. Workers, 960 F.2d at 1088. "[T]he concept of burden is inherently relative, and, . . . is only meaningful where a party can demonstrate some kind of special or unusual burden." Pritzker, 42 F.3d at 64. With respect to the second factor, "[t]he purpose of the inquiry is not to *compare* the forum's interest to that of some other jurisdiction, but to determine the extent to which the forum *has* an interest." Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 151 (1st Cir. 1995). While the burden to the defendant is considered, the plaintiff under the third factor also deserves "a degree of deference in respect to the issue of its own convenience." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 211 (1st Cir. 1994). The fourth factor – the judicial system's interest in obtaining the most efficacious resolution of the controversy – looks essentially to the ability of the plaintiff's chosen forum to provide complete relief to the parties. Pritzker, 42 F.3d at 64. And finally, with respect to substantive social polices, Massachusetts has an obvious

---

Harrods Ltd, 790 F.2d 978, 979 (1st Cir. 1986). Under the prima facie test "a district court does not act as a factfinder; to the contrary, it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st Cir. 1997).

interest in redressing harms inflicted on its citizens by out-of-state defendants as well as in providing a convenient forum in which its citizens may seek relief. See Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996). All of these factors, with the possible exception of the fourth – which is largely neutral – weigh in plaintiff's favor. Original is a multi-employee company doing business across the United States, while plaintiff is a sole proprietor. Massachusetts clearly has a sovereign interest in vindicating a contractual harm allegedly done to one of its citizens. And a federal court sitting in diversity is quite capable of applying California law to the dispute (as the underlying contract stipulates).

## ORDER

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

        SO ORDERED,

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE