UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 28 P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| WILLIAM J. EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
|  | ) No. 04-12593-RGS |
| THE ORIGINAL FOOTWEAR COMPANY, | ) |
| Defendant. | ) |

SCANNED
DATE: _3/2/05_
BY: _ks_

## ANSWER OF DEFENDANT
## THE ORIGINAL FOOTWEAR COMPANY

Defendant The Original Footwear Company ("Original") answers each and every allegation contained in the numbered paragraphs of the Complaint as follows:

1.      Original lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one, and therefore denies same.

2.      Admitted.

3.      Admitted.

4.      Denied.  Further answering, Original states that the Independent Sales Representative Agreement, which speaks for itself, refers to the plaintiff as a "Representative" who is "in the business of independent representation of manufacturers such as Original."

5.      Admitted.

6.      Denied.

7.      Denied.

8. Denied.

9. Original admits that the State of Connecticut awarded a contract to Lehigh Safety Shoe Company LLC of Vestal, New York, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nine, and therefore denies same.

10. Denied. Further answering, Original states that it has not paid the plaintiff any commission on this contract because it is not contractually obligated to do so.

11. Original admits that the plaintiff has demanded a commission of ten (10%) percent, but otherwise denies the remaining allegations in paragraph eleven.

12. Denied. Further answering, Original states that it has not paid the plaintiff any commission on this contract because it is not contractually obligated to do so.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## First Affirmative Defense

19. The complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

20. This court lacks jurisdiction over Original's person.

## Third Affirmative Defense

21. Process was insufficient.

### Fourth Affirmative Defense

22.    Plaintiff has failed to satisfy the conditions of the Independent Sales Representative Agreement.

### Fifth Affirmative Defense

23.    Under no circumstance would plaintiff be entitled to any commission on future orders that have not been placed and paid for by a buyer.

### Sixth Affirmative Defense

24.    None of the actions or transactions constituting any alleged unfair or deceptive act or practice, which allegations Original denies, occurred primarily and substantially in Massachusetts as required by G.L. c. 93A §11.

### Jury Demand

Original demands a trial by jury on all claims that may be so tried.


WHEREFORE, Original requests that judgment be entered in its behalf, that it be awarded its costs, and that it be granted such other relief as may be proper.

THE ORIGINAL FOOTWEAR COMPANY
By its Attorneys

Bruce F. Smith
BBO# 467900
Howard P. Blatchford, Jr.
BBO# 045580
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

Dated: February 28, 2005.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on 2-28-2005